IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **INGENIADOR, LLC** | CIVIL NUM.: _____ |
| Plaintiff, | |
| v. | **PLAINTIFF REQUESTS TRIAL BY JURY** |
| **CRUTCHFIELD CORPORATION; and CRUTCHFIELD NEW MEDIA, LLC** | **PATENT INFRINGEMENT** |
| Defendant. | |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Ingeniador, LLC ("Ingeniador"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

### I.  NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin Defendants Crutchfield Corporation and Crutchfield New Media, L.L.C. ("Crutchfield" or "Defendants") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Ingeniador, from U.S. Patent No. 7,895,127 (the "'127 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

### II.  THE PARTIES

2. Plaintiff Ingeniador is a Puerto Rico limited liability company with its principal place of business at 1607 Colón St. #101, San Juan, Puerto Rico 00911.

3. On information and belief, Defendant Crutchfield Corporation is a corporation organized and existing under the laws of Virginia with its principal place of business at 1 Crutchfield Park, Charlottesville, VA 22911.

4. On information and belief, Defendant Crutchfield New Media, L.L.C. is a wholly-owned subsidiary of Crutchfield Corporation and is incorporated under the laws of Virginia, with its principal place of business at 1 Crutchfield Park, Charlottesville, VA 22911.

5. Defendants are, among other things, internet retailers of consumer electronic products. Defendants own and/or operate the website www.crutchfield.com. Defendants offer customers the ability to post and share customer reviews, rate the products that Defendants sell and sort said ratings.

### III.  JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

7. This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Ingeniador and the cause of action Ingeniador has raised, as alleged herein.

8. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Puerto Rico long-arm statute, P.R. Laws Ann. Tit 32 App. V, R. 3.1(a)(2), due to at least their substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Puerto Rico.

9. Defendants have conducted and do conduct business within Puerto Rico, directly or through intermediaries, resellers or agents, or offer for sale, sell, advertise (including, but not limited to, the use of interactive web pages with promotional material) products or services, or use services or products in Puerto Rico or elsewhere that infringe the '127 Patent.

10. In addition to Defendants' continuously and systematically conducting business in Puerto Rico, the causes of action against Defendants are connected (but not limited) to Defendants' purposeful acts committed in Puerto Rico, including Defendants' making, using, offering for sale, or selling a service that includes a computer-implemented method for rating-based sorting and displaying of customer reviews to customers in Puerto Rico, which includes the features that fall within the scope of at least one claim of the '127 Patent.  For example, Defendants have performed, perform, and will continue to perform the claimed computer-implemented method for the benefit of customers in Puerto Rico, who have utilized, utilize, and will continue to utilize the customer reviews sorting capabilities to make purchasing decisions.

11. Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## IV.  JOINDER

12. Defendants are properly joined under 35 U.S.C. §299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling the same accused products. Specifically, as alleged in detail below, Defendants are alleged to infringe the '127 Patent by using a computer-implemented method of displaying data.

13. Defendants are properly joined under 35 U.S.C. §299(a)(2). Questions of fact will arise that are common to all defendants, including for example, whether Defendants' products have

features that meet the features of one or more claims of the '127 Patent, and what reasonable royalty will be adequate to compensate the owner of the '127 Patent for its infringement.

14. Defendants are, among other things, an internet retailer of consumer electronic products. Defendants own and/or operate the website www.crutchfield.com. Defendants offer customers the ability to post and share customer reviews, rate the products that Defendants sell and sort said ratings.

15. At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product and/or process.

## V. FACTUAL ALLEGATIONS

### *The '127 patent*

16. On February 22, 2011, the United States Patent and Trademark Office duly and legally issued the '127 patent, entitled "Rating-based Sorting and Displaying of Reviews" after a full and fair examination.

17. Ingeniador is presently the owner of all right, title and interest in and to the '127 patent. Ingeniador possesses all rights of recovery under the '127 patent, including the exclusive right to recover for past infringement.

18. The '127 patent is valid and enforceable.

19. The '127 patent contains four independent claims and thirteen dependent claims. Defendant commercializes methods that perform all the steps recited in one or more claims of the '127 patent. Defendant further utilizes articles of manufacture and computer systems that include all of the elements recited in one or more claims of the '127 Patent. For example, Defendant

employs a computer-implemented method that sorts and displays customer reviews based on ratings. Said method performs all the steps of the method covered by the '127 patent. In addition, Defendant makes and/or uses articles or systems that encompass one or more of the articles and systems claimed in the '127 patent.

20. The method claimed in the '127 patent includes a computer-implemented method of displaying data. The '127 patent also includes an article storing computer code, and computer systems, for performing a method of displaying data.

21. The method claimed in the '127 patent includes the steps of receiving a plurality of customer reviews for a plurality of subjects, each subject of the plurality of subjects being selected from a group consisting of a product, a service, and a market participant. The plurality of subjects includes a first subject, and the customer reviews include a plurality of customer reviews for the first subject. Each customer review of the plurality of customer reviews includes a rating of the first subject and a comment associated with the first subject. Further, there is only a single customer per review for the plurality of customer reviews. The '127 patent also includes an article storing computer code, and computer systems, for performing similar functions.

22. The method claimed in the '127 patent includes the step of sorting the first plurality of customer reviews in a default order to obtain a default ordered plurality of reviews. The '127 patent also includes an article storing computer code, and computer systems, for performing similar functions.

23. The method claimed in the '127 patent includes the steps of causing at least a first subset of the default ordered first plurality of customer reviews to be displayed on a display page. The display page includes an input for requesting a non-default ordered display of the plurality of customer reviews, the non-default order being based on ratings in the reviews. The '127 patent

also includes an article storing computer code, and computer systems, for performing similar functions.

24.  The method claimed in the '127 patent includes the step of receiving through the input a request for the non-default ordered display of the plurality of customer reviews. The '127 patent also includes an article storing computer code, and computer systems, for performing similar functions.

25.  The method claimed in the '127 patent includes the step of sorting the plurality of customer reviews in the non-default order and causing to be displayed on a second display page at least a subset of the non-default ordered plurality of customer reviews. The '127 patent also includes an article storing computer code, and computer systems, for performing similar functions.

26.  The method claimed in the '127 specifies that one or more computers perform the various steps of receiving, sorting and causing data to be displayed.

*Defendants' Infringement of the '127 patent*

27.  Defendants own and operate websites, such as www.crutchfield.com (the "Exemplary Website" or the "Website"), which enables customers to purchase consumer electronic products (hereafter the "product" or "products") through the Internet.  As used herein, the Exemplary Website shall be meant to include the collection of hardware and software utilized by Defendant to provide the website located at the URL www.crutchfield.com.

28.  The Exemplary Website is provided using web servers that employ a computer-implemented method that sorts and displays customer reviews based on ratings. For example, the Exemplary Website allows customers to rate and review a selected product and displays the results on a webpage.

29.     The Exemplary Website uses one or more computers to perform the various steps of receiving, sorting and causing data to be displayed.

30.     The Exemplary Website performs the step of receiving from a plurality of customers reviews for a plurality of subjects. For example, Defendants' Website receives a plurality of customer reviews for a plurality of subjects (the subjects being the products) that rate the plurality of subjects based on a scale from 0 to 5 stars. In the course of doing so, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

31.     At the Exemplary Website, a selected subject of the plurality of subjects is selected from a group of products.  In the course of doing so, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

32.     At the Exemplary Website, the plurality of subjects comprises a first subject. For example, the first subject at the Website is the first product in the group of products. In the course of doing so, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

33.     The customer reviews for the first product in a list of products at the Exemplary Website comprise a first plurality of reviews for the first subject. These customer reviews comprise a rating and comment associated with the first subject. For example, at the Exemplary Website, when the first product is selected, a first plurality of customer reviews for the first subject is displayed. This first plurality of customer reviews comprise a rating of, and a comment associated with, the first subject.  In the course of doing so, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

34. At the Exemplary Website, there is only a single customer of the plurality of customers per review of the first plurality of reviews. For example, a single customer creates each review at Defendants' Website. In the course of doing so, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

35. The Exemplary Website performs the step of sorting the first plurality of customer reviews in a default order to obtain a default ordered first plurality of reviews. The customer reviews at the Exemplary Website are sorted in a default order to obtain a default ordered first plurality of reviews. For example, the default sorting order at the Exemplary Website is "Date Reviewed", which sorts the reviews chronologically with the most recent review. In the course of doing so, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

36. The Exemplary Website performs the step of causing at least a first subset of the default ordered first plurality of reviews to be displayed on a first display page, the first display page comprising a first input for requesting a first non-default ordered display of the first plurality of reviews in accordance with a first non-default order. That is, at the Exemplary Website at least a first subset of default-ordered reviews are displayed on a first webpage. This webpage has an input for requesting a non-default ordered display of the plurality of reviews. For example, the Exemplary Website's first subset of contiguous reviews is the top-ordered list of reviews that are displayed on the first review page in reverse-chronological order. An input is present via a "drop-down" input menu allowing the request of a first non-default ordered display of the first plurality of reviews, such as "Rating". In the course of doing so, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

37. At the Exemplary Website, the first non-default order is based on ratings in the reviews of the first plurality of reviews, the first non-default order being different from the default order, the first subset comprising a plurality of contiguous reviews. For example, the Exemplary Website's first non-default ordered display of the first plurality of reviews is based on rating in the reviews of the first plurality of reviews, which is "Rating" and displays the reviews with the highest ratings first. The rating based order is different from the default order, which will display a review with a lower rating above one with a higher rating if it is more recent. The reviews are listed in sequential order according to which input the user chooses to display the reviews (the default or non-default order(s)). In the course of providing such functionality, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

38. Defendants' Website performs the step of receiving through the first input a first request for the first non-default ordered display of the first plurality of reviews. For example, when a customer selects from the drop down menu input to sort by "Rating", Defendants will receive the selection of "Rating" as the first non-default ordered display. In the course of providing such functionality, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

39. The Exemplary Website performs the step of sorting the first plurality of reviews in the first non-default order to obtain a first non-default ordered first plurality of reviews. For example, when "Rating" is selected from the drop down menu input, the reviews will be sorted by their rating beginning with the highest-rated review. In the course of providing such functionality, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

40. In response to the first request, the Exemplary Website will display on a second display page at least a second contiguous subset of the first non-default ordered first plurality of reviews. For example, in response to receiving "Rating" as the sorting selection from the drop down menu input, the Exemplary Website will display contiguous reviews in order of their rating beginning with the highest-rated review. In the course of providing such functionality, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

41. At the Exemplary Website, the steps of receiving from the plurality of customers reviews, sorting the first plurality of reviews in the default order, causing at least the first subset of the default ordered first plurality of reviews to be displayed, receiving through the first input the first request, sorting the first plurality of reviews in the first non-default order, and causing to be displayed on the second display page are performed by one or more computers. For example, websites are hosted on computers designed to act as web servers. In the course of doing so, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function.

## DIRECT INFRINGEMENT

42. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 41.

43. Taken together, either partially or entirely, the features included in Defendants' Website perform all the steps recited in one or more of the claims of the '127 Patent. Further, Defendants also make and/or use articles storing computer code, as well as computer systems, to carry out such a function, including all the elements recited in one or more claims of the '127 patent.

44. Through Defendants' Website, Defendants directly infringe one or more of the claims of the '127 patent by making, using, selling, offering to sell and/or importing a computer-implemented method that sorts and displays reviews based on ratings, which illegally performs the process defined by the claims of the '127 Patent, in violation of 35 U.S.C. §271(a). For example, and without limitation, Defendants directly infringe at least one claim of the '127 patent by using a website that displays ratings and customer reviews for its products.

45. By engaging in the conduct described herein, Defendants have injured Ingeniador and are thus liable for infringement of the '127 patent, pursuant to 35 U.S.C. §271.

46. Defendants have committed these acts of infringement without license or authorization.

47. To the extent that facts learned in discovery show that Defendants' infringement of the '127 patent is or has been willful, Ingeniador reserves the right to request such a finding at the time of trial.

48. As a result of Defendants' infringement of the '127 patent, Ingeniador has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interest and costs.

49. Ingeniador will continue to suffer damages in the future unless this Court enjoins Defendants' infringing activities. As such, Ingeniador is entitled to compensation for any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement.

50. Ingeniador has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their officers, directors,

agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them from directly infringing the '127 patent.

## VI.  DEMAND FOR JURY TRIAL

Ingeniador demands a trial by jury of any and all causes of action.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Ingeniador prays for the following relief:

1. That Defendants be adjudged to have infringed the '127 patent directly, literally and/or under the doctrine of equivalents;

2. That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '127 patent;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Ingeniador for the Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §284; and

5. That Ingeniador have such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 25th day of March, 2015.

*Attorneys for Plaintiff* **INGENIADOR, LLC**
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

*/s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC-PR No. 215505
Email: etorres@ferraiuoli.com

*/s/Maristella Collazo-Soto*
Maristella Collazo-Soto
USDC No. 228606
Email: mcollazo@ferraiuoli.com